IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>    v.<br><br>M.B.-M., a Minor,<br><br>               Appellant. | No. 78556-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: April 29, 2019 |

SMITH, J. — M.B.-M. appeals his conviction for attempted first degree child molestation. His sole argument on appeal is that the waiver of his Miranda[1] rights when he was 13 years old was invalid because he did not have an attorney, parent, or other adult advocate present during the interrogation. Because Washington law allows minors over the age of 12 to waive their Miranda rights without the consent of a guardian, we affirm.

## FACTS

On March 12, 2017, 12-year-old A.D. observed 5-year-old O.S. lying on his stomach and 13-year-old M.B.-M. kneeling or squatting over him. Neither O.S. nor M.B.-M. was wearing pants or underwear and A.D. could see M.B.-M.'s exposed penis. O.S. said, "help me" to A.D., and she grabbed O.S. and took him out of the room. O.S. later explained that M.B.-M.'s "'balls were on my butt.'"

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

A few weeks later, two detectives interviewed M.B.-M. at the Federal Way Police Department. Although M.B.-M. arrived with his family, only the detectives were present for the interview. The detectives provided M.B.-M. with a written form explaining his constitutional rights, which they read to him. M.B.-M. confirmed both verbally and in writing that he understood his rights and agreed to speak to the detectives.

The State charged M.B.-M. with first degree child molestation. After determining that M.B.-M.'s statement to police was admissible, the juvenile court judge found M.B.-M. guilty of attempted first degree child molestation. M.B.-M. appeals.

## WAIVER OF MIRANDA RIGHTS

M.B.-M. argues that his waiver of his Miranda rights was invalid and involuntary because he did not have an attorney, parent, or other adult advocate present during the interrogation. We disagree.

"The trial court's legal conclusions regarding the adequacy of . . . Miranda warnings are issues of law that we review de novo." State v. Mayer, 184 Wn.2d 548, 555, 362 P.3d 745 (2015).

Before a custodial interrogation, the police must advise a suspect that he has the right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney. Miranda, 384 U.S. at 444-45. In In re Gault, 387 U.S. 1, 55, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967), the United States Supreme Court held the constitutional privilege against self-incrimination under Miranda applies with equal force to

juveniles. RCW 13.40.140(8) also states that a juvenile "shall be accorded the same privilege against self-incrimination as an adult." Under RCW 13.40.140(11), a parent or guardian "shall give any waiver" for a child under 12 years of age. By contrast, a juvenile who is "at least twelve years of age" may waive his rights without the consent of a parent. RCW 13.40.140(11), (10).

In Dutil v. State, 93 Wn.2d 84, 606 P.2d 269 (1980), the petitioners argued that a parent or advocate must be present for any juvenile to be "deemed capable of knowingly and intelligently waiving his rights." Dutil, 93 Wn.2d at 86. The Washington Supreme Court rejected this argument:

> The legislature has found that a child under 12 is incapable of intelligently waiving his rights in a juvenile proceeding, but it has chosen to leave that question to be determined upon the facts of the individual case, where the juvenile is closer to the age of majority.

Dutil, 93 Wn.2d at 94. It held the "totality of circumstances test" applies to juveniles over the age of 12. Dutil, 93 Wn.2d at 93-94.

> Under the totality of circumstances approach, the determination of whether a knowing and intelligent waiver has been made is the responsibility of the juvenile judge, who is presumably experienced in handling juvenile cases and who has the child and other witnesses before him, as well as the facts pertaining to the child's age, intelligence, education and experience.

Dutil, 93 Wn.2d at 89.

Here, the juvenile court judge concluded that M.B.-M. knowingly and intelligently waived his Miranda rights before the police interrogated him and that his statements to police were admissible. The following unchallenged findings support the trial court's conclusion:

1 On April 5, 2017[,] Respondent was interviewed by Detectives Adrienne Purcella and Kris Durell in a room off the lobby at the Federal Way Police Department after having arrived with his family[.] Respondent and the two detectives were present for the entire interview[,] no other parties were present at any time[.]

2 Respondent was not restrained in any manner during the interview[.]

3 Respondent was 13 years old at this time[.] He knew his apartment complex name and apartment number, though he did not know the complex address[.] He provided his birth date when prompted[.]

4 Respondent[']s interactions with the detectives, including appropriate answers to questions and use of language at times more advanced than what would be expected for someone of his age[,] demonstrate that he understood the situation and what was being asked of him[.] Respondent used the words ["]accused[,]" "assuming," ["]inappropriately[,"] ["]pressing charges[,"] ["]innocence[,"] ["]guilty["] appropriately in the context of the conversation[.] Respondent responded at different points in the affirmative and negative and clarified his answers when he disagreed with the representations of the detectives[.]

5 Respondent was provided a written form enumerating his constitutional rights including his freedom to decline to speak with detectives[.] This form was read to Respondent[.] This form included a section in which Respondent could indicate his decision to waive those rights[.]

6 Respondent indicated by both written signature and verbal assent that he understood his rights and agreed to speak with the detectives[.]

M.B.-M. does not challenge any of these findings, so they are verities on appeal.

State v. O'Neill, 148 Wn.2d 564, 571, 62 P.3d 489 (2003). We hold that based on these uncontested findings, M.B.-M.'s waiver of his Miranda rights was knowing and intelligent under the totality of the circumstances. M.B.-M. does not make any argument to the contrary.

4

M.B.-M.'s sole argument on appeal is that his waiver of his Miranda rights was not valid because no attorney or interested adult was present during his interrogation. We acknowledge, as the Washington Supreme Court did in State v. O'Dell, 183 Wn.2d 680, 358 P.3d 359 (2015), that psychological and neurological studies show "that the 'parts of the brain involved in behavior control' continue to develop well into a person's 20s." O'Dell, 183 Wn.2d at 691-92 (footnote and internal quotation marks omitted). This calls into question whether, in general, a minor can truly consent to a waiver of his or her Miranda rights. But because the Supreme Court determined in Dutil that the "totality of the circumstances" test adequately protects minors, we reject M.B.-M.'s argument that a blanket prohibition on waiver without the consent of an interested adult is necessary.

Furthermore, even assuming that M.B.-M.'s confession was not knowing and intelligent, and therefore inadmissible, reversal is not required if any error in admitting it was harmless. "The test for whether a constitutional error is harmless is whether the untainted evidence of the defendant's guilt is so overwhelming that it necessarily leads to the same outcome." Mayer, 184 Wn.2d at 555. Here, in another unchallenged finding of fact, the juvenile court judge found that "O[.]S[.]'s statements alone are not proof beyond a reasonable doubt, but his statements in combination with what A[.]D[.] saw, are proof beyond a reasonable doubt." Therefore, even without M.B.-M.'s statements to police, there was proof beyond a reasonable doubt that he committed first degree attempted child molestation.

5

We affirm.

WE CONCUR: